IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:94-CR-428-D(1) |
| | § | |
| LAWRENCE M. HARRISON, SR., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Lawrence M. Harrison, Sr.'s ("Harrison's") June 4, 2012 petition for writ of error *coram nobis* is denied, and Harrison and his counsel are warned that further frivolous filings will result in sanctions.

I

In 1994 Harrison was charged in an 11-count indictment with conspiracy to commit wire fraud, wire fraud, money laundering, and excise tax evasion. In 1996 he was convicted on 10 of the 11 counts following a nine-week jury trial.[1] The court sentenced him to 188 months in prison on the five money laundering counts and 60 months on the remaining counts, to run concurrently. The court also ordered Harrison to pay restitution in the amount of $442,000. Harrison appealed his conviction and sentence, and the Fifth Circuit affirmed. *United States v. Harrison*, 1998 WL 546472 (5th Cir. Aug. 7, 1998) (per curiam).

Harrison later filed a motion to correct, vacate, or set aside his sentence, two motions for new trial, a motion for relief from judgment and for leave to amend his pleadings, a motion to dismiss

---

[1]The other count was dismissed on the government's motion.

the indictment, and a writ of error *coram nobis*. All five motions and the writ were denied during a four-year period that began in 2000 and concluded in 2004. In the court's February 11, 2004 order denying his motion to dismiss, the court sanctioned Harrison $100 for abuse of the judicial process and prohibited him from filing any other motions related to his criminal conviction without first obtaining authorization from a district or magistrate judge.

Harrison later sought leave to file a second motion for relief from judgment and to amend his pleadings. The magistrate judge denied leave to file the motion because, *inter alia*, Harrison had not paid the $100 sanction imposed by the court. *See* July 12, 2005 Order at 1. When Harrison complained that he was unable to pay this sanction due to the terms of his restitution order, the court allowed him to file his motion,

> provided he submits with the motion satisfactory evidence that he is not using funds in his commissary (or similar inmate) account for any purpose other than to make restitution, or submits with the motion a memorandum that demonstrates why he should be permitted to use such funds for other purposes, without first paying the $100 sanction or any part thereof ordered by this court on February 11, 2004.

July 26, 2005 Order at 1.[2]

With court approval, Harrison filed another motion on October 19, 2005, paid the $100 sanction on November 29, 2005, and his Rule 60(b) motion was construed as a second motion for post-conviction relief under 28 U.S.C. § 2255 and dismissed. *See* Jan. 4, 2006 Order, *mot. for leave denied,* No. 06-10272 (5th Cir. July 25, 2006) (order) (per Jolly, J.).[3] A subsequent motion for

---

[2]In granting this relief, the court expressly reserved judgment on the merits of Harrison's motion. *See* July 26, 2005 Order at 1.

[3]In denying his motion, the Fifth Circuit warned Harrison and his attorney that further frivolous filings might result in the imposition of sanctions.

authorization to file a successive § 2255 motion was denied, and Harrison was sanctioned $100. *See In re Harrison*, No. 07-10244 (5th Cir. Apr. 17, 2007), *cert. denied*, 552 U.S. 858 (2007). Harrison then unsuccessfully sought amendment of the restitution order. *See United States v. Harrison*, 2007 WL 2332662 (N.D. Tex. Aug. 16, 2007) (Fitzwater, J.). The court later denied his motion to modify his term of supervised release. *See* Dec. 9, 2009 Order.

II

Harrison once again seeks relief, this time by means of a petition for writ of error *coram nobis*. He alleges that he continues to suffer the adverse consequences of his unconstitutional conviction because he is still subject to the $442,000 restitution order. Harrison asks the court to revisit the grounds for relief raised in his original § 2255 motion and numerous subsequent motions: (1) the government was improperly allowed to use his immunized testimony against him; and (2) the prosecutor withheld discovery materials, in violation of *Brady*.

A writ of error *coram nobis* is appropriate when a defendant is no longer in custody but "can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994) (quoting *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)). But a petitioner must establish "compelling circumstances" of fundamental error to justify this extraordinary relief. *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). Harrison has failed to satisfy this heavy burden. He has simply restated—nearly verbatim—the same arguments that he has made in previous attempts to have his conviction and sentence vacated. *Compare* Oct. 19, 2005 motion for relief from judgment and for leave to amend pleadings at 9-19 and 22-31 *with* June 4, 2012 petition for writ of error *coram nobis* at 10-26. Harrison presents no

new evidence of fundamental error; he only recasts the same allegations in a new procedural context.

Accordingly, his petition is denied.

III

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Harrison was originally sanctioned in 1998, warned three times that further repetitious or frivolous pleadings might result in the imposition of sanctions, and twice subjected to monetary sanctions. The Fifth Circuit warned his attorney that he might be sanctioned if he submitted further frivolous filings on Harrison's behalf. *See United States v. Harrison*, No. 06-10272 (5th Cir. July 25, 2006) (order) (per Jolly, J.). Undeterred, Harrison, through the same counsel, has filed a petition that repeats the same arguments that this court has previously rejected. Harrison's continued abuse of the judicial system, both *pro se* and with the assistance of counsel, cannot be further countenanced.

Accordingly, Harrison and his counsel are warned that any further frivolous filings on behalf of Harrison will subject them to appropriate sanctions that are more severe than those previously imposed in this case.

**SO ORDERED**.

July 3, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE